Ibn OMAR–MUHAMMAD,
Petitioner–Appellant,

v.

Joe WILLIAMS, Warden, Central NM Correctional Facility; and Attorney General for the State of New Mexico, Respondents–Appellees.

No. 01–2021.

United States Court of Appeals, Tenth Circuit.

Aug. 24, 2001.

Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

## ORDER AND JUDGMENT *

McKAY, Circuit Judge.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

State prisoner Ibn Omar–Muhammad seeks to appeal the dismissal of his 28 U.S.C. § 2254 habeas petition.

On October 28, 1987, following two reversals and remands for new trials, Petitioner was convicted of first degree depraved mind murder in Curry County District Court, New Mexico. On May 25, 1995, Petitioner filed a 28 U.S.C. § 2254 petition in the United States District Court for the District of New Mexico, challenging his conviction for depraved mind murder. On April 8, 1996, the district court adopted the magistrate judge's finding that Petitioner had substantial unexhausted claims that could be raised in state habeas court and dismissed the claim without prejudice.

On April 17, 1997, Petitioner gave a state habeas petition to prison authorities to be mailed to the Curry County District Court; however, the petition was not received until April 23, 1997. That petition was denied, and the New Mexico Supreme Court denied certiorari on July 24, 1997. On July 30, 1997, Petitioner filed the habeas petition in this case. However, the magistrate judge recommended dismissing the petition as untimely under the one-

year limitations period provided by the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). After considering Petitioner's objections, the district court adopted the magistrate judge's proposed findings, dismissed the petition, and denied Petitioner a certificate of appealability. Petitioner now seeks a certificate of appealability to appeal the district court's decision.

■ In order for this court to grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here,

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue ... if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

April 24, 1996, was the effective date of the AEDPA, which created a one-year statute of limitations period for federal habeas petitions under 28 U.S.C. § 2244(d)(1). Because Petitioner's conviction was final before AEDPA's enactment, the one-year statute of limitations did not begin to run until that date. *See Hoggro v. Boone,* 150 F.3d 1223, 1225–26 (10th Cir.1998) (recognizing judicially-created grace period). Thus, Petitioner's time to

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

file this petition was due to expire on April 24, 1997.

However, AEDPA also provides that the limitations period may be tolled: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Thus, Petitioner's state habeas petition, which was received by the clerk of the Curry County District Court on April 23, 1997, tolled the statute of limitations—however, only one day remained in his federal habeas period. When the New Mexico Supreme Court denied certiorari on Petitioner's habeas claim, the limitations period began to run again and expired before Petitioner could resubmit his federal habeas petition.

Petitioner argues here, as he did to the district court, that his petition was timely by virtue of the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The rule would have permitted us to consider Petitioner's state petition filed as of the day he handed his petition to prison authorities. However, the district court correctly noted that we have rejected that argument for proceedings in New Mexico. *See Adams v. LeMaster*, 223 F.3d 1177, 1181–83 (10th Cir.2000). In *Adams*, we held that the definition of "properly filed" for state habeas petitions under § 2244(d)(2) is based on the reviewing state's rules of procedure, *id.* at 1181, and New Mexico would hold petitions properly filed upon receipt by the clerk. *See id.* at 1182. We thus held that the mailbox rule did not apply to state habeas petitions in New Mexico. *See id.* at 1183. Since *Adams*, we have not been otherwise directed by the New Mexico courts. Absent en banc rehearing, we are bound to uphold a prior panel's decision. *See Eberl's Claim Serv., Inc. v. Comm'r*,

249 F.3d 994, 1003–04 (10th Cir.2001). Therefore, we reject Petitioner's mailbox rule argument.

Petitioner further argues that the circumstances in this case warrant equitable tolling of the § 2244(d) limitation. He contends that his reliance on counsel for assistance in his pro se petition, his belief in the application of the mailbox rule, and the prison's delay in mailing his filing constitute extraordinary circumstances warranting equitable tolling. However, equitable tolling only applies when an inmate diligently pursues his claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). The prison's delay and the application of the mailbox rule could only have affected the last eight days of Petitioner's one-year limitations period; "reliance on counsel" for the remaining 357 days does not constitute extraordinary circumstances sufficient to justify equitable tolling. It is Petitioner's delay in filing his state habeas claim that overwhelmingly contributed to his untimely federal filing.

After a careful review of the petition, the magistrate judge's opinion, and the relevant record, we conclude that Petitioner does not present a debatable question for reasonable jurists as to whether his petition was timely filed under the AEDPA. *See Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Because we hold that there is no debatable issue as to "whether the district court was correct in its procedural ruling," we decline to consider substantively "whether the petition states a valid claim of the denial of a constitutional right." *Id.*

Thus, we DENY Petitioner a certificate of appealability and DISMISS the case.