**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

IBN OMAR-MUHAMMAD,

     Petitioner-Appellant,

v.

JOE WILLIAMS, Warden,

     Respondent-Appellee.

No. 06-2308
(D.C. No. CIV-97-1043-MV/RLP)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Petitioner-Appellant Ibn Omar-Muhammad seeks a certificate of appealability ("COA") to appeal the district court's denial of his Fed. R. Civ. P. Rule 60(b)(6) motion for relief from the district court's order of December 29, 2000, dismissing his writ of habeas corpus under 28 U.S.C. § 2254 as untimely filed. We discern no error in the district court's disposition and thus deny the COA and dismiss this appeal.

I

On October 28, 1987, Mr. Omar-Muhammad was convicted in Curry County District Court, New Mexico, for first-degree murder. He appealed his conviction

-1-

in state court and, ultimately, the New Mexico Supreme Court affirmed his conviction on October 26, 1988. Seven years later, Mr. Omar-Muhammad filed a petition for a writ of habeas corpus in state court. Mr. Omar-Muhammad's initial petition in federal court, filed under 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico, was dismissed without prejudice on April 8, 1996, because the district court found that he had not yet exhausted all of his claims in state court. On April 23, 1997, Mr. Omar-Muhammad returned to state court with a petition for writ of habeas corpus, which was denied on July 11, 1997, and his petition for writ of certiorari to the New Mexico Supreme Court was denied on July 24, 1997.

Having now exhausted his state court remedies, on August 6, 1997, Mr. Omar-Muhammad refiled his petition in federal district court. Ultimately, on December 29, 2000, the district court dismissed the petition, ruling that the applicable one-year statute of limitations period for habeas petitioners in state custody under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), expired on July 25, 1997 – that is, the day after the New Mexico Supreme Court finalized its disposition of his state habeas claim. As the district court saw it, Mr. Omar-Muhammad's federal habeas petition, filed on August 6, was twelve days late. The district court also denied Mr. Omar-Muhammad's request for a COA. (Aplt. App. at 101-03.). Mr. Omar-Muhammad then sought a COA from us, which we denied on August 24, 2001,

noting that his petition was not filed within AEPDA's one-year statute of limitations, that the mailbox rule did not apply to New Mexico cases, and that circumstances in Mr. Omar-Muhammad's case did not warrant equitable tolling. See Omar-Muhammad v. Williams, 17 Fed. Appx. 898 (10th Cir. Aug. 24, 2001) (unpub.).

Approximately three years later in 2004, we decided Serrano v. Williams, 383 F.3d 1181 (10th Cir. 2004). In that case, we held AEDPA's one-year statute of limitations applicable to federal habeas petitions in state custody, 28 U.S.C. § 2244(d)(1), should be tolled during the 15-day period allowed under state law for filing a petition for rehearing with the New Mexico Supreme Court following its denial of a petition for writ of certiorari. Id. at 1187.

Nearly two years after Serrano, on August 29, 2006, Mr. Omar-Muhammad filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) with the United States District Court for the District of New Mexico. (Aplt. App. at 107-124). In his motion, Mr. Omar-Muhammad claimed that, based on our decision in Serrano, the dismissal of his federal habeas petition in 1997 was improper. Specifically, he argued that, had the district court tolled the AEDPA limitations period for the 15-day period allowed under Serrano, his 1997 federal habeas petition would have been 3 days early rather than 12 days late. That is, according to Mr. Omar-Muhammad, the New Mexico Supreme Court denied certiorari on July 24, 1997, and pre-Serrano the AEDPA limitations period expired the next day, July 25. But, post-Serrano,

the limitations period would have been tolled for 15 days after July 24, or until August 9.

The district court denied Mr. Omar-Muhammad's Rule 60(b)(6) motion on September 25, 2006. It pointed to Gonzalez v. Crosby, 545 U.S. 524, 535 (2005), in which the Supreme Court held that an appellate court opinion liberalizing the calculation of a limitations period but decided after the final dismissal of a habeas petition as untimely does not constitute "extraordinary circumstances" sufficient to "provide grounds for reconsideration" under Rule 60(b)(6). Dist. Ct. Order of Sept. 25, 2006, at 3 (Aplt. App. at 125-128.). Mr. Omar-Muhammad then sought a COA from the district court, but the district court has not ruled on the request for a COA within 30 days and so we must deem the request denied. See 10th Cir. R. 22.1(c). Having failed to persuade the district court, Mr. Omar-Muhammad now seeks a COA in this court.

II

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). To do so, a petitioner must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). We do not believe that Mr. Omar-Muhammad has met this burden. In

order for Mr. Omar-Muhammad to obtain relief under Rule 60(b)(6), he must show, inter alia, "extraordinary circumstances" which, the Supreme Court has indicated "will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535 (citations omitted). Even more problematically for Mr. Omar-Muhammad, the Supreme Court in Gonzalez rejected a claim for Rule 60(b)(6) relief involving what petitioner himself concedes is "a fact situation very similar to that in [his] case." Petitioner's Br. at 13.

Some time after Mr. Gonzalez's habeas claim was dismissed as untimely, the Supreme Court announced a new tolling rule in Artuz v. Bennett, 531 U.S. 4, 8 (2000), that would have, had it been in force earlier, permitted Mr. Gonzalez to pursue his habeas petition. On the basis of the Artuz ruling, Mr. Gonzalez filed a Rule 60(b)(6) motion seeking to reopen his habeas petition. Ultimately, the Supreme Court ruled that its new decision in Artuz did not create the sort of "extraordinary circumstances" required by Rule 60(b)(6) to reopen Mr. Gonzalez's case. In denying relief, the Supreme Court explained that "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation [of a statutory limitations period] . . . . [N]ot every interpretation of the . . . statutes setting forth the requirements for habeas provides cause for reopening cases long since final." Gonzalez, 545 U.S. at 537.

We see no way in which we might arrive at a different result in this case. The Supreme Court held that its new limitations period ruling in Artuz did not supply the sort of "extraordinary circumstance" necessary for retroactively reopening final dispositions of habeas petitions such as Mr. Gonzalez's, and one need only substitute Serrano for Artuz in that equation to see how we are compelled to deny Mr. Omar-Muhammad's requested relief. Mr. Omar-Muhammad acknowledges the great similarities between his case and Mr. Gonzalez's, conceding that Gonzalez "[a]t first blush . . . would appear to definitively resolve" his appeal, Petitioner's Br. at 14, but asks us to distinguish Gonzalez on the basis that Serrano corrected what had been a clearly erroneous interpretation of AEDPA while Artuz decided a harder, closer limitations question. As Mr. Omar-Muhammad puts it, this case presents the requisite "extraordinary circumstance" under Rule 60(b)(6) because of the obvious incorrectness of the district court's limitations analysis in 2000 corrected by Serrano in 2004.

Even if we felt able to disregard the Supreme Court's guidance in Gonzalez on the basis of such a fine distinction, we are unable to accept the premise on which Mr. Omar-Muhammad's argument is based. That is, we cannot say, as Mr. Omar-Muhammad would have us, that it was obvious before Serrano to all comers that a 15-day tolling period under AEDPA was required after a final disposition by the New Mexico Supreme Court.

By way of example, Mr. Omar-Muhammad, represented by counsel, never noted such an allegedly obvious error at any time in the more than seven years between the filing of his federal habeas petition on August 6, 1997, and our decision in Serrano in September 2004, even while he did raise many other tolling arguments. Neither did any of the many judges who reviewed his petition notice the argument he now seeks to raise. But, perhaps of even greater significance still, the district court's interpretation of AEDPA was at the time not obviously foreclosed by established Tenth Circuit law as Mr. Omar-Muhammad suggests. In fact, as the Serrano opinion makes clear, there was no established Tenth Circuit law on this specific topic at the time the district court ruled. Indeed, in Serrano we relied almost exclusively on our prior holding in Gibson v. Klinger, 232 F.3d 799 (2000), which itself was decided after the district court dismissed Mr. Omar-Muhammad's habeas petition,[1] and which expressly recognized that it addressed a then-unresolved question of law in the Tenth Circuit. See id. at 803-04 ("In Rowe v. LeMaster, [225 F.3d 1173, 1174 (10th Cir. 2000),] . . . [b]ecause we focused our inquiry on another tolling question, we did not specifically analyze . . . [if], regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the

---

[1] Similarly, two of the three out-of-circuit cases cited as supporting authority in *Serrano* were decided after the district court dismissed Mr. Omar-Muhammad's habeas petition. *See Serrano*, 383 F.3d at 1185 (citing *Jones v. Nagle*, 349 F.3d 1305, 1308 (11th Cir. 2003); *Williams v. Bruton*, 299 F.3d 981, 983-84 (8th Cir. 2002); *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000)).

petitioner could have sought an appeal under state law."). Moreover, the Serrano decision was not reached solely under Tenth Circuit precedent, but also depended on an interpretation of New Mexico law and the New Mexico Rules of Appellate Procedure, see Serrano, 383 F.3d at 1187, neither of which was raised in this context before the district court in 2000. For all these reasons, we are unable to agree with Mr. Omar-Muhammad that the district court's interpretation in 2000 of an (uncontested) aspect of the AEDPA limitations period was unreasonable at the time, let alone contrary to established Tenth Circuit law.

\* \* \*

As did the district court, we find that we are precluded from affording Mr. Omar-Muhammad the relief he seeks by virtue of the Supreme Court's decision in Gonzalez. For that reason, we deny his application for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge