**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

DAVID R. JOLIVET,

   Defendant-Appellant.

Nos. 07-4251, 07-4252
(D.C. Nos. 2:07-CV-386-JTG and
2:07-CV-399-JTG;

2:94-CR-205-JTG)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

David R. Jolivet, a federal prisoner proceeding *pro se*, seeks to challenge the administration of his sentence in a 28 U.S.C. § 2255 habeas petition. Because Mr. Jolivet is incarcerated, by his own request, in Canada, the district court dismissed the petition for want of jurisdiction. Mr. Jolivet now seeks before us a certificate of appealability ("COA") to appeal the district court's order. Because the law is clear that the execution of sentences served in Canada is a matter of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Canadian law over which we have no jurisdiction, we deny the application for a COA.

* * *

In 1985, Mr. Jolivet, a Canadian who had escaped from a Canadian prison in November 1984, began serving a life sentence in Utah for a variety of offenses, including aggravated kidnapping. In 1994, Mr. Jolivet was convicted in federal court of attempting to escape custody in Utah, and sentenced to 36 months imprisonment. In 1995, Mr. Jolivet was convicted of threatening a federal judicial officer, and sentenced to 41 months imprisonment. Both federal sentences were to run consecutively to Mr. Jolivet's state sentence.

In 2003, Mr. Jolivet, who was apparently serving his state life sentence in a federal prison as a contract boarder, was transferred from the United States to Canada to serve out the remainder of his sentences. The transfer was made at Mr. Jolivet's request and pursuant to a treaty between the United States and Canada. On his arrival in Canada, the Canadian authorities converted Mr. Jolivet's consecutive federal sentences into concurrent sentences because under Canadian law nothing may run consecutive to a life sentence. However, the Utah state court subsequently modified Mr. Jolivet's life sentence to a determinate sentence of 25 years. As Canadian law no longer forbade giving effect to the American federal judgment, the 36- and 41-month sentences were once again set to run consecutively to the Utah state court sentence. The Canadian authorities then

calculated Mr. Jolivet's release date based on those sentences.  Mr. Jolivet challenged the release date they came up with, arguing that he should have received 54 days of "statutory good time credit" per year served in American federal prison.  When the Canadian authorities denied this request, Mr. Jolivet, claiming that his due process rights were being denied, petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which the district court denied for want of jurisdiction.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  Where the district court dismisses a habeas petition on procedural grounds, as it did here, a COA may be issued only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007).  In this case, we have no doubt that the district court ruled correctly in dismissing Mr. Jolivet's Section 2255 petition for lack of jurisdiction.

The Treaty between the United States of America and Canada on the Execution of Penal Sentences provides, in relevant part, that

> [e]xcept as otherwise provided in this Treaty, the completion of a transferred Offender's sentence shall be carried out according to the laws and procedures of the Receiving State, including the application

of any provisions for reduction of the term of confinement by parole, conditional release, or otherwise.

Art. IV, § 1, U.S.-Can., March 2, 1977, 30 U.S.T. 6263 ("Transfer Treaty"). We have construed this same provision in a similar treaty to mean that a prisoner's accrual of good time credits is governed by the law of the state to which he is transferred, effective on the date of the transfer. *Kass v. Reno*, 83 F.3d 1186, 1192 (10th Cir. 1996). Thus, from 2003 onward the administration of Mr. Jolivet's good time credits is a matter that he must take up with the Canadian authorities. Having voluntarily submitted himself to Canadian custody, the treaty requires that Mr. Jolivet abide by Canadian laws on this subject. And while it is true that the treaty requires the Sending State to apprise the Receiving State of any good time credits earned while in the Sending State, *see* Transfer Treaty, art III., § 8 30 U.S.T. 6263, Mr. Jolivet failed to earn any good time credits while he was in the United States, *see* D. Ct. Op. at 3; Petition, Ex. 8.[1]

---

[1] Based on a letter from the district judge who sentenced him, Mr. Jolivet also argues that his 41-month sentence should run concurrently with his other sentences. However, Mr. Jolivet concedes that the sentencing order stated that the 41-month sentence was to run consecutively to the Utah sentence. Op. Br. at 6. For its part, the letter was expressly a *recommendation* that "service of the federal sentence imposed here should run concurrently with any sentence to be imposed by that appropriate Canadian court" following extradition to Canada. Mr. Jolivet was not extradited to Canada, but transferred, and is not incarcerated pursuant to any sentence imposed by a Canadian court. Thus, even if we were inclined to read the letter as amending the original sentence, it is by its own terms inapplicable to Mr. Jolivet's current situation.

Mr. Jolivet concedes that the Bureau of Prisons had not awarded him any good time credits as of the time he was transferred to Canada, Op. Br. at 7-8, but argues that the reason it had not was because his federal sentences were consecutive to a life sentence, and thus good time credits would not have been meaningful. This, in Mr. Jolivet's view, distinguishes his case from *Kass*. We cannot agree. As the district court noted, 18 U.S.C § 3624(b)(1), which governs the 54 days per year of good time credit, is permissive. It states that "a prisoner who is serving a term of imprisonment of more than 1 year *other than a term of imprisonment for the duration of the prisoner's life, may*" receive the good time credit. 18 U.S.C. § 3624(b)(1) (emphasis added). Section 3624(b)(1) also explicitly states that "[c]redit that has not been earned may not later be granted." This language would seem to preclude Mr. Jolivet being awarded back credits now that his Utah sentence is no longer a life sentence. However, even if the change in Mr. Jolivet's Utah sentence would have rendered him eligible for back credits, our case law is clear that as of the date of his transfer, "it is irrelevant that he might have obtained more favorable credits had he remained in [the United States]." *Kass*, 83 F.3d at 1192. Mr. Jolivet had not been awarded any good time credits as of the time of his transfer, and by treaty the subsequent accrual of good time credits is governed by Canadian law. We may not order Canadian authorities to alter their decision regarding Mr. Jolivet's good time credits.

* * *

Because Mr. Jolivet has failed to show that the district court's disposition of his Section 2255 petition is debatable or incorrect, his request for a COA is denied and this appeal is dismissed. The motion to proceed *in forma pauperis* is also denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge