**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEE UECKER,

  Petitioner - Appellant,

v.

ANTHONY ROMERO, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

  Respondents-Appellees.

No. 08-2118
(D.C. No. CIV-07-01041-JCH-RLP)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

  Lee W. Uecker pled guilty to second-degree murder and attempted kidnapping in 2001. He was subsequently sentenced to a prison term of 29 years and made no direct appeal. Over three years after his sentence became final, Mr. Uecker filed several petitions for writs of habeas corpus in state court. These petitions were all denied. On October 15, 2007, Mr. Uecker filed a *pro se* federal habeas petition under 28 U.S.C. § 2254. The district court dismissed the petition

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

as time-barred, and Mr. Uecker now requests from us a certificate of appealability ("COA") to appeal the district court's order.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where the district court dismisses a habeas petition on procedural grounds, as it did here, a COA may be issued only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007). In this case, the district court ruled correctly in dismissing Mr. Uecker's Section 2254 petition as time-barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions to vacate a conviction under Section 2254 must typically be made within one year from the date on which the conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Mr. Uecker's judgment of conviction and sentence were entered on July 17, 2001 and became final on August 16, 2001, when the thirty-day period to file a notice of appeal expired. *See* N.M.R.A. 12-201(A)(2). Mr. Uecker did not file this habeas petition until October 15, 2007, over six years after his conviction became final. Although the one-year limitations period must be tolled while a prisoner seeks state court post-conviction relief, 28 U.S.C.

- 2 -

§ 2244(d)(2), Mr. Uecker did not file his first habeas petition in state court until April 25, 2005, almost four years after his conviction became final and already well outside the one-year statutory period.

AEDPA also provides that the one-year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if such date is later than the date on which the conviction became final. 28 U.S.C. § 2244(d)(1)(D). Construing his filings liberally, Mr. Uecker could be understood to invoke this statutory provision when he contends that he did not receive proper discovery for his case until after he learned he could file a habeas corpus claim. However, Mr. Uecker does not point us to any facts that he could not have discovered at the time of his conviction that now serve as the basis for a meritorious habeas corpus claim. We are, thus, in no position to say that the district court's disposition of Mr. Uecker's Section 2254 petition as time-barred is debatable or incorrect; his request for a COA is therefore denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge