**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS WEST,

  Petitioner-Appellant,

v.

RON CHAMPION, Warden,

  Respondent-Appellee.

No. 09-7090
(D.C. No. CV-97-00243-JHP-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Douglas West, an Oklahoma state prisoner appearing

pro se, seeks a certificate of appealability ("COA") to challenge the district

court's denial of his motions under Federal Rule of Civil Procedure 60(b)(4) and

(6).[1] Mr. West filed these motions to alter or amend the district court's denial of

---

[*]  This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]  Mr. Scott filed a pro se application for a COA and opening brief. We construe these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "petition"). We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A), deny the request for a COA, and dismiss this matter.

## BACKGROUND

In January 1990, Mr. West and Allan Mercer were embroiled in a dispute arising from the sale of a used car. On January 29, 1990, Mr. West shot and killed Mr. Mercer as the decedent entered the convenience store operated by Mr. West. On February 20, 1990, Mr. West was charged with first-degree murder in Oklahoma state court. The case was tried to a jury, which returned a verdict of guilty. The court sentenced Mr. West to life imprisonment without the possibility of parole.

On January 11, 1993, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. West's conviction on direct appeal. The OCCA subsequently denied his petition for rehearing on March 23, 1993. On February 12, 1996, the state district court denied Mr. West's application for post-conviction relief. On November 6, 1996, the OCCA affirmed this denial of relief.

On April 22, 1997, Mr. West filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Eastern District of Oklahoma. The magistrate judge recommended the denial of the petition. On September 27, 2000, the district court adopted the recommendation and denied the petition. The Tenth Circuit denied Mr. West's application for a COA and

-2-

dismissed the matter.

More than eight years later, on January 20, 2009, Mr. West filed a motion to alter or amend the district court's judgment dismissing his habeas petition, pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6). He filed a second, essentially identical motion on February 19, 2009. In these motions, Mr. West claims that the district court erroneously applied a procedural bar to the claim that he "was denied his Sixth and Fourteenth Amendment constitutional rights to compulsory process . . . by the trial court's exclusion of evidence of [his] post-traumatic stress disorder." *E.g.*, R. at 495 (Pet'r's Mot. Pursuant to Rule 60(B)(4) and/or (6) to Alter or Amend J., filed Feb. 19, 2009) (emphasis omitted). Mr. West claims that the application of this procedural bar deprived him of due process and constituted a defect in the integrity of the habeas proceedings.

On September 23, 2009, the district court denied the motions. The district court held that the judgment was not void under Rule 60(b)(4) because Mr. West had adequate notice and opportunity to be heard on his claim and failed to challenge the procedural bar in either his objections to the magistrate judge's ruling or his appeal to the Tenth Circuit. The district court also held that Mr. West was not entitled to relief under Rule 60(b)(6) because his motion was untimely and failed to articulate any grounds for relief.

## DISCUSSION

The district court denied Mr. West's Rule 60(b) motions, without resolving

-3-

whether they constituted "second or successive" habeas petitions. First, when analyzing a Rule 60(b) motion, we must "consider each of the issues raised in the motion in order to determine whether it represents a second or successive petition, a 'true' Rule 60(b) motion, or a mixed motion." *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006). Second, if the motion is a "true" Rule 60(b) motion, we must determine whether Mr. West is entitled to a COA. *Id.* at 1224–25.

## I.     Second or Successive Habeas Petition or "True" Rule 60(b) Motion

Congress restricts the filing of second or successive habeas petitions under 28 U.S.C. § 2254. 28 U.S.C. § 2244(b); *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009) (per curiam). A Rule 60(b) motion constitutes "a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215. By contrast, a "true" Rule 60(b) motion "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas motion." *Id.* at 1215–16 (citation omitted) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4, 538 (2005)).

In this action, the motions are "true" Rule 60(b) motions rather than second or successive petitions. Mr. West asserts that the district court erroneously applied a procedural bar to deny his claim regarding post-traumatic stress

-4-

disorder, without reaching the merits. *See Gonzalez*, 545 U.S. at 532 n.4; *Spitznas*, 464 F.3d at 1216 ("[A] motion asserting that the federal district court incorrectly dismissed a petition [because of a] procedural bar . . . constitutes a true 60(b) motion."). Mr. West also alleges that this procedural bar was a defect in the integrity of the habeas proceedings because he was deprived of due process on this claim. *See Spitznas*, 464 F.3d at 1216. Thus, because Mr. West's attack is on procedural grounds and does not assert a federal basis for the district court to vacate his underlying conviction, his motions are "true" Rule 60(b) motions.

## II.    Certificate of Appealability

"If the district court correctly treated the motion . . . as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a [COA] before proceeding with his or her appeal." *Id.* at 1217–18. "A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies the petitioner's claims on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable

-5-

whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added); *accord Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (applying this standard when deciding whether a § 2254 petitioner was entitled to a COA that would enable him to appeal the denial of his Rule 60(b)(6) motion).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez*, 545 U.S. at 528. The six grounds that may justify relief are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). We review the denial of a Rule 60(b)(4) motion de novo, *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002), and the denial of a Rule 60(b)(6) motion for abuse of discretion, *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

### A.      Rule 60(b)(4)

Rule 60(b)(4) requires a court to grant relief if "the judgment is void."

Fed. R. Civ. P. 60(b)(4); *see V. T. A., Inc. v. AIRCO, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979) ("If voidness is found, relief is not a discretionary matter; it is mandatory."). Although Rule 60(b)(4) is not limited by the timeliness provisions of Rule 60(c), *Buck*, 281 F.3d at 1344, "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted." *V. T. A.*, 597 F.2d at 225. "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Buck*, 281 F.3d at 1344 (internal quotation marks omitted). Under Rule 60(b)(4), a litigant was afforded due process if "fundamental procedural prerequisites–particularly, adequate notice and opportunity to be heard–were fully satisfied." *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). "[A] judgment is not void merely because it is erroneous." *Buck*, 281 F.3d at 1344 (internal quotation marks omitted).

In this action, the district court denied Mr. West's Rule 60(b)(4) motion because Mr. West was afforded due process and the judgment was not void. Mr. West claims that reasonable jurists could debate whether the district court violated his due process rights when it applied a procedural bar to his constitutional claim regarding the exclusion of evidence of his post-traumatic stress disorder. Mr. West argues that the district court deprived him of a "meaningful hearing" because it did not "(1) make an independent assessment of the state court record, and (2) apply the applicable federal law with regard to the

procedural bar asserted by the state." Aplt.'s Opening Br. and Request for COA at 4.

Based on our review of the record, the magistrate judge conducted an independent review of the state court record and applied the relevant law when recommending the application of the procedural bar to Mr. West's claim involving his alleged post-traumatic stress disorder. The district court likewise affirmed and adopted this recommendation after a "full consideration of the pleadings filed in this case and the applicable legal authorities." R. at 391 (Dist. Ct. Order, filed Sept. 27, 2000). Furthermore, Mr. West does not dispute that he had adequate notice of this procedural bar and that he had the opportunity to oppose its application before the magistrate judge, the district court, and the Tenth Circuit.[2] Thus, reasonable jurists could not debate the district court's conclusion that Mr. West was afforded due process and that the judgment is not void.

### B. Rule 60(b)(6)

Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *accord Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007). Although Rule 60(b)(6) is

---

[2] The State initially raised this procedural bar in its response to Mr. West's habeas petition. Mr. West was not only aware of the procedural bar argument, but he also argued against its application to his claims before the magistrate judge and the district court. However, Mr. West neglected to raise this issue on appeal to the Tenth Circuit.

a "grand reservoir of equitable power to do justice in a particular case," *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (internal quotation marks omitted), it remains subject to certain limitations. Relief under Rule 60(b)(6) "is extraordinary and may only be granted in exceptional circumstances," *Davis*, 507 F.3d at 1248 (internal quotation marks omitted), which "'rarely occur in the habeas context.'" *Omar-Muhammad*, 484 F.3d at 1264 (quoting *Gonzalez*, 545 U.S. at 535). A litigant also may not premise its Rule 60(b)(6) motion on one of the grounds enumerated in Rules 60(b)(1)-(5). *Gonzalez*, 545 U.S. at 528; *Spitznas*, 464 F.3d at 1225 n.11. Finally, a litigant must file a Rule 60(b)(6) motion "within a reasonable time" after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

In this action, the district court denied Mr. West's Rule 60(b)(6) motion on procedural grounds as untimely.[3] Mr. West filed this motion more than eight

---

[3]     As an alternative basis for denying the Rule 60(b)(6) motion, the district court concluded that Mr. West "failed to articulate his grounds for relief" under Rule 60(b)(6). In construing Mr. West's pro se Rule 60(b)(6) motion liberally, however, we find that he argues essentially the same grounds for relief under both Rule 60(b)(4) and Rule 60(b)(6). *E.g.*, R. at 497 ("This court acted in a manner inconsistant [sic] with due process of law when it procedurally barred petitioner's claim in ground seven and petitioner is therefore entiteld [sic] to relief under Rule 60(B)(4) and/or (6)." (emphasis omitted)). Thus, Mr. West has not waived this claim on appeal. Nevertheless, Mr. West failed to raise a cognizable claim under Rule 60(b)(6). Mr. West requests relief under Rule 60(b)(6) because the district court violated his due process rights, which is the same basis as his request under Rule 60(b)(4). This claim lacks merit because "[a] Rule 60(b)(6) motion may not be used as a vehicle to re-allege 60(b)(4) allegations." *Spitznas*, 464 F.3d 1225 n.11; *see Gonzalez*, 545 U.S. at 528.

years after the district court's judgment on his habeas petition, which is *not* within the "reasonable time" contemplated by Rule 60(c)(1). Fed. R. Civ. P. 60(c)(1); *see, e.g.*, *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (upholding a district court's determination that an unexplained one-year delay between judgment and a Rule 60(b) motion was not reasonable). Despite the extensive delay in filing the motion, Mr. West provided the district court with no justification for the delay. Thus, reasonable jurists could not debate whether the district court correctly denied Mr. West's Rule 60(b)(6) motion on procedural grounds.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. West's application for a COA and **DISMISS** this matter.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge