**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

PAUL HOWARD TILLEY,

     Plaintiff - Appellant,

v.

TRAVELENE FISH, Manager, North
View Apartments; CHUCK (LNU),
maintenance man, North View Apartments;
NORTH VIEW APARTMENTS,

     Defendants - Appellees.

No. 12-7029
(D.C. No. 6:10-CV-00430-FHS)
(E. D. of Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.
_____

The district court dismissed Plaintiff-Appellant Paul Tilley's pro se civil rights

claim on December 2, 2010. Mr. Tilley filed his motion for reconsideration on March 23,

2012, and the district court summarily denied it on March 26, 2012. Mr. Tilley now

appeals that denial. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

---

* After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

## I.       BACKGROUND

Mr. Tilley filed a civil rights complaint on November 17, 2010, naming as defendants the manager of the apartment building where he lives, a building maintenance worker, and the apartment complex itself.  In his complaint Mr. Tilley alleged that Travelene Fish, the manager of the building, made disparaging comments about him to pest control inspectors.   He also alleged that while on the telephone with Ms. Fish to discuss a problem with the pest control inspectors, he overheard a man, whom he asserts was a maintenance man named Chuck, shout out "retard."  Mr. Tilley alleged he then heard laughter, and asked who had called him that name, and who was laughing, to which Ms. Fish said no one had called him that, and that she was alone.  For these alleged wrongs, Mr. Tilley sought monetary damages.

Mr. Tilley also sought leave to proceed in forma pauperis.  On December 2, 2010, the district court granted leave to proceed in forma pauperis but, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the district court sua sponte dismissed the case for failure to state a claim upon which relief could be granted.[1]  Taking all of Mr. Tilley's factual allegations as true, and liberally construing his complaint under both 42 U.S.C. § 1983 and the Americans with Disabilities Act, the district court nevertheless concluded that Mr. Tilley had not alleged enough facts to state a plausible claim to relief.  Among the reasons Mr. Tilley's claim failed was the lack of any allegation of state action, the lack of any facts

---

[1] The defendants in this case were never served.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989) (dismissals of frivolous or malicious claims under 28 U.S.C. § 1915(e)(2)(B) typically occur before service of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints").

2

supporting a constitutional violation, and the failure to identify a place of public accommodation that might have discriminated against Mr. Tilley.  Fourteen months later, on March 23, 2012, Mr. Tilley filed his motion for reconsideration, and the district court denied it without comment three days later.  Mr. Tilley timely appealed, and the district court granted him leave to proceed in forma pauperis with this appeal.

## II.    DISCUSSION

The Federal Rules of Civil Procedure do not make provision for a motion for reconsideration.  When such a motion is filed more than twenty-eight days after the entry of judgment, we construe it as a motion for relief from judgment under Rule 60(b).  See Fed. R. Civ. P. 59(e) (allowing only twenty-eight days to file a motion to alter or amend the judgment); Fed. R. Civ. P. 60(c).  Mr. Tilley's motion was filed more than a year after judgment entered.  Accordingly, we construe Mr. Tilley's motion as a Rule 60(b) motion for relief from judgment.  We review the denial of such a motion for an abuse of discretion.  See Thomas v. Parker, 609 F.3d 1114, 1119 (10th Cir. 2010).

A Rule 60(b) motion for relief from judgment may be granted for a number of specified reasons or "any other reason that justifies relief."  See Fed. R. Civ. P. 60(b)(1)-(6).  Where the asserted grounds for relief are mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, misrepresentation, or misconduct by an adverse party, the motion must be made no later than one year after the entry of judgment.  See id. 60(b)(1)-(3), (c)(1).  Where the grounds for relief are that the judgment is void, or has been satisfied, or can no longer equitably be applied prospectively, or for "any other reason," the motion must still be made "within a reasonable time."  See id.

3

60(b)(4)-(6), (c)(1).  A party may not use Rule 60(b)(6)'s "any other reason" catchall as a way to avoid the one-year time limit if that limit would otherwise be applicable.  <u>See</u> <u>Plotner v. AT&T Corp.</u>, 224 F.3d 1161, 1174 (10th Cir. 2000) (citing <u>Pioneer Inv. Servs.</u> <u>Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 393 (1993)).

Mr. Tilley's motion for reconsideration "[does] not recite any of the exceptional circumstances warranting relief under Rule 60(b), nor does our reading of the record disclose any."  <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1244 (10th Cir. 1991).  The motion, as we read it, can be construed only as a motion under Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect),[2] Rule 60(b)(2) (newly discovered evidence), or Rule 60(b)(6) (any other reason justifying relief).

To the extent that Mr. Tilley implicitly relies on either of the first two grounds, his motion was filed more than one year after the entry of judgment and is therefore untimely.  <u>See</u> Fed. R. Civ. P. 60(c)(1).  And relief under Rule 60(b)(6) is available only in "extraordinary circumstances."  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 536 (2005); <u>Omar-Muhammad v. Williams</u>, 484 F.3d 1262, 1264 (10th Cir. 2007).  Mr. Tilley's motion does not assert any "compelling circumstances beyond [his] control" that would warrant such relief.  <u>Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.</u>, 909 F.2d 1437, 1440 (10th Cir. 1990).

---

[2] Mr. Tilley's arguments, before this Court, that the district court erred by failing to consider certain case law, without further explanation, do not amount to allegations of "mistake" within the meaning of Rule 60(b)(1).  <u>See</u> <u>Van Skiver</u>, 952 F.2d at 1244 (relief under Rule 60(b)(1) unwarranted where motion "did not allege any facially obvious errors of law").

4

### III.    CONCLUSION

For the foregoing reasons, we conclude the district court did not abuse its

discretion when it denied Mr. Tilley's motion for reconsideration.

AFFIRMED.


Entered for the Court


DAVID M. EBEL
Circuit Judge