**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CARLOS JACKSON,

      Defendant - Appellant.

No. 14-3210
(D.C. Nos. 2:05-CR-20018-CM-1 &
2:14-CV-02142-CM)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

Carlos Jackson seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 habeas motion. We deny a COA and dismiss the

appeal.

**I**

Jackson was charged with eleven counts related to distribution of cocaine base.

During plea negotiations, defense counsel sent an email to the prosecutor that referenced

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a potential stipulation. In the email, counsel erroneously stated that the stipulation would refer to a certain amount of "cocaine" rather than "cocaine base." The prosecutor rejected the proposed stipulation on other grounds without noting the error. Jackson subsequently fired his lawyer, retained new counsel, and several months later pled guilty to conspiring to manufacture and distribute 280 grams or more of cocaine base and using a firearm in furtherance of a drug crime. His written plea agreement described several cocaine base sales by Jackson and his coconspirators to an undercover police officer. It also contained a waiver of his right to collaterally attack his sentence.

Pursuant to his plea agreement, Jackson received a below-Guidelines sentence of 180 months, which was the applicable mandatory minimum. He did not directly appeal. However, Jackson filed a § 2255 motion, alleging ineffective assistance of counsel during plea negotiations and at sentencing. The district court concluded that the first claim lacked merit, and that the second claim was barred by the waiver of collateral review in Jackson's plea agreement. It declined to issue a COA. The court also denied Jackson's request for an evidentiary hearing. Jackson timely filed a notice of appeal.

**II**

Jackson may not appeal the denial of § 2255 relief without a COA. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Jackson must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

Jackson cannot proceed under § 2255 unless he can avoid the waiver of collateral review contained in his plea agreement. United States v. Hahn, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc) (per curiam); see also United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009) (applying Hahn to waiver of collateral review). Construing Jackson's pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), he raises three issues: (1) the government breached his plea agreement; (2) he received ineffective assistance of counsel; and (3) the district court erred by failing to grant his request for an evidentiary hearing.

**A**

A waiver of collateral review is not enforceable if the government breaches its obligations under a plea agreement. See United States v. Rodriguez-Rivera, 518 F.3d 1208, 1212 (10th Cir. 2008). We review whether the government breached a plea agreement de novo. Id.

Jackson contends that the government breached his plea agreement because it pursued charges related to cocaine base, even though his attorney's proposed stipulation email referenced "cocaine." A plea agreement must be construed according to what the defendant reasonably understood at the time he made the agreement. United States v. Altamirano-Quintero, 511 F.3d 1087, 1094 (10th Cir. 2007). Notwithstanding the error in his counsel's email, the record belies Jackson's assertion that he believed his plea

-3-

related to cocaine, rather than cocaine base. Jackson was indicted for conspiring to manufacture and distribute cocaine base, along with other offenses related to cocaine base. His plea agreement clearly identifies the crime of conspiring to manufacture with intent to distribute cocaine base, not cocaine. It also contains a detailed description of Jackson and his coconspirators selling cocaine base to an undercover police officer on several occasions. And the proposed stipulation was in any event rejected by the prosecutor. We cannot credit Jackson's contention that the government somehow breached his plea agreement by prosecuting him for the very offense for which he had been indicted, and to which he pled guilty.

**B**

"[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Although Jackson's claim that his counsel was ineffective for failing to object to the alleged breach of his plea agreement is barred by his waiver of collateral review, his claim that his counsel was ineffective in plea negotiations survives.

A petitioner claiming ineffective assistance of counsel must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Jackson argues that his counsel was ineffective for failing to bring the stipulation email containing the word "cocaine" to the district court's attention. Given that the prosecutor rejected the proposed stipulation, and that the indictment, plea agreement, and the evidence against Jackson specified cocaine base, counsel's actions were not deficient. To the extent that Jackson argues that his counsel led him to believe that cocaine charges were at issue, he fails to explain why his misunderstanding was not remedied when he read and signed the plea agreement.

## C

Finally, Jackson argues that the district court erred by failing to hold an evidentiary hearing. We review a district court's denial of an evidentiary hearing for abuse of discretion. United States v. Harms, 371 F.3d 1208, 1210 (10th Cir. 2004). A district court need not hold an evidentiary hearing if "the case record conclusively shows the prisoner is entitled to no relief." United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). The district court determined that the existing record conclusively showed that Jackson was not entitled to relief. Its decision was not an abuse of discretion.

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. Jackson's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-