FILED
United States Court of Appeals
Tenth Circuit

April 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RAYMOND L. ROGERS,

     Defendant-Appellant.

No. 15-3013
(D.C. Nos. 6:13-CV-01448-JTM &
6:10-CR-10186-JTM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

Raymond Rogers was convicted by a jury of robbing a bank, brandishing a

firearm in the process, and being a felon in possession of a firearm. For these

federal crimes, the district court sentenced him to 234 months in prison. After

this court affirmed his sentence on direct appeal, *see United States v. Rogers*, 520

F. App'x 727 (10th Cir. 2013), Mr. Rogers brought a 28 U.S.C. § 2255 motion to

vacate his sentence. The district court dismissed the motion, concluding that his

ineffective assistance of counsel claims lacked merit. Mr. Rogers now seeks from

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

us a certificate of appealability in order to challenge the district court's denial of his motion.

By statute, we may issue a COA only if the petitioner first makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, an applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented 'were adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Mr. Rogers proceeds in this court pro se, we review his pleadings with special solicitude.

Even so, we discern no grounds on which we might grant a COA. By way of example, Mr. Rogers claims that his trial counsel should have challenged his sentence on the basis of *United States v. Alleyne*, 133 S. Ct. 2151 (2013). But *Alleyne* wasn't decided until after Mr. Rogers's sentencing, we have held that *Alleyne* doesn't apply retroactively on collateral review, and we have held that counsel does not act deficiently by failing to anticipate future legal developments. *See In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *Bullock v. Carver*, 297 F.3d 1036, 1052 (10th Cir. 2002). To the extent Mr. Rogers now claims his appellate counsel should have presented an *Alleyne* argument on direct appeal, Mr. Rogers didn't present this argument in his habeas petition or supporting brief and it was

therefore forfeited.  In any event, we note that *Alleyne* wasn't decided until after the decision in his direct appeal.  Separately, Mr. Rogers claims his counsel should've filed a motion to suppress physical evidence found in an apartment that he attempted to hide in after fleeing from the bank robbery.  But he lacked standing to challenge the search because he wasn't an overnight or social guest.  *See United States v. Poe*, 556 F.3d 1113, 1122 (10th Cir. 2009).  The remainder of Mr. Rogers's attacks on his counsel's performance fail for similar reasons, all of which are amply detailed in the district court's careful 25-page opinion whose analysis we endorse and see no profit in repeating.

The application for a COA and the motion to proceed in forma pauperis are denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

.