**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMOND L. ROGERS,

    Defendant - Appellant.

No. 16-3055
(D.C. Nos. 6:13-CV-01448-JTM and
6:10-CR-10186-JTM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Raymond L. Rogers, appearing pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his motion for reconsideration filed under Fed. R. Civ. P. 60(b)(4). Rogers filed his Rule 60(b) motion after the district court denied his petition for a writ of habeas corpus under 28 U.S.C. § 2255, arguing that the district court erred by failing to address two issues raised in his habeas petition. Exercising jurisdiction under 28 U.S.C. § 1291, we deny the request for COA and dismiss this matter.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Rogers has already sought review from this court two times. *See United States v. Rogers*, 520 F. App'x 727 (10th Cir. 2013); *United States v. Rogers*, 599 F. App'x 850 (10th Cir. 2015). On December 2, 2013, after we affirmed Rogers' conviction for robbing a bank, brandishing a firearm during the robbery, and being a felon in possession of a firearm, Rogers filed a motion under 28 U.S.C. § 2255. Rogers asked the district court to grant summary judgment on his §2255 Motion, and on December 9, 2015, the district court denied his motion for summary judgment, denied his § 2255 motion, and declined to issue a COA. We also declined to issue a COA and dismissed the appeal. *See Rogers*, 599 F. App'x 850. The Supreme Court later denied Rogers' petition for writ of certiorari.

After the Supreme Court denied Rogers' petition for writ of certiorari, Rogers filed a Rule 60(b) motion asking the district court to vacate its order denying his § 2255 motion. In his Rule 60(b) motion, Rogers argued that the district court had failed to consider two of his ineffective-assistance-of-counsel claims. The district court denied Rogers' Rule 60(b) motion because it had previously considered and rejected the issues argued by Rogers. Rogers later filed a motion to reconsider under Fed. R. Civ. P. 59(e). The district court denied this motion to reconsider, and Rogers appealed.

On appeal, Rogers claims that the district court erred in denying his Rule 60(b) motion because the court failed to discuss "Grounds 8 & 9" in its Memorandum and Order. In Ground 8, Rogers claimed ineffective assistance of counsel because his

2

appellate counsel failed to argue that the district court's jury instructions constructively amended the indictment. In Ground 9, Rogers claimed ineffective assistance of counsel because his appellate counsel had failed to raise alleged violations under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), even though the Supreme Court decided *Alleyne* after his conviction was final.

## DISCUSSION

First, when analyzing a Rule 60(b) motion, we must "consider each of the issues raised in the motion in order to determine whether it represents a second or successive petition, a 'true' Rule 60(b) motion, or a mixed motion." *Spitznas v. Boone*, 464 F.3d 1213, 1224 (10th Cir. 2006). Second, if the motion is a "true" Rule 60(b) motion, we must determine whether Rogers is entitled to a COA. *Id.* at 1224–25.

### 1. Rogers' Motions are "True" Motions

Congress has restricted the filing of second or successive habeas petitions. 28 U.S.C. § 2244(b). And Rule 60(b) motions constitute "second or successive [petitions] if [they] in substance or effect [assert] or [reassert] a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215. By contrast a "true" Rule 60(b) motion "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas motion." *Id.* at 1216 (citation omitted).

3

Here, Rogers' motions are "true" motions rather than second or successive petitions. In his Rule 60(b) motion, Rogers claims the district court erred by failing to address issues he raised in his habeas petition. A claim that the district court failed to consider a ground raised in the habeas petition represents a "true" 60(b) claim. *Id.* at 1225 (the defendants "contention that the district court failed to consider one of his habeas claims represents a 'true' 60(b) claim."). Therefore, Rogers' motion is a "true" motion, so we proceed to consider whether to issue a COA.

## 2. No COA is warranted

"If the district court correctly treated the motion . . . as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a [COA] before proceeding with his or her appeal." *Id.* at 1217–18. "A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies the petitioner's claims on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *accord Omar-Muhammad v.*

4

*Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (applying this standard when deciding whether a § 2254 petitioner was entitled to a COA that would enable him to appeal the denial of his Rule 60(b) motion).

"Rule 60(b) allows a party to seek relief from a final judgment and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rogers filed his motion under Rule 60(b)(4). We review de novo a district court's denial of a Rule 60(b)(4) motion. *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Rule 60(b)(4) allows a court to relieve a party from a final judgment if the underlying judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *Buck*, 281 F.3d at 1344 (quotation marks omitted).

Rogers contends that his habeas judgment is void because the district court denied him due process of law by failing to address two of his claims. But, under Rule 60(b)(4), a litigant has received due process if "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). "[A] judgment is not void merely because it is erroneous." *Buck*, 281 F.3d at 1344 (quotation marks omitted).

Rogers' argument fails because the district court considered Rogers' claims, discussed the claims, and adequately addressed Rogers' arguments. For example, the district court explained that "counsel's alleged failure to challenge defendant's 84-

month sentence [the *Alleyne* argument] was not a failure at all and would have been irrelevant based on the law at the time of defendant's sentencing and before his judgment became final. Defendant's assignment of error is therefore dismissed." R. Vol. 1 at 773. We previously endorsed the district court's analysis and described it as a "careful 25–page opinion." *Rogers*, 599 F. App'x at 851. We continue to see no error in the Court's analysis. Furthermore, Rogers doesn't dispute that he received adequate notice or the opportunity to present his arguments. Thus, reasonable jurists could not debate the district court's conclusion that the district court afforded Rogers due process and therefore, the judgment is not void.

**3.    Rogers' Motion to Supplement his Rule 60(b) Motion is Denied**

On July 1, 2016, Rogers filed a motion to supplement his Rule 60(b) motion under Fed. R. Civ. P. 15(c). Rogers filed this motion to supplement more than six months after the district court denied his Rule 60(b) motion and after he had already filed his briefing with this court. Thus, Rogers' motion to supplement is untimely. Additionally, Rogers' motion to supplement does not qualify as a pleading under Fed. R. Civ. P. 15.[1]  Finally, Rogers' motion to supplement doesn't seek any relief under Rule 60(b) and is, instead, an attempt to reargue issues we have already considered and rejected. So, Rogers' motion to supplement his Rule 60(b) motion is denied.

---

[1] Under Fed. R. Civ. P. 7(a), the only pleadings allowed are (1) a complaint; (2) an answer to a complaint; (3) an answer to counterclaim designated as a counter claim; (4) an answer to a cross claim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) a reply to an answer.

## CONCLUSION

The application for COA, the motion to proceed in forma pauperis, and the motion to supplement the Rule 60(b) motion are denied and the appeal is dismissed.

Entered for the Court


Gregory A. Phillips
Circuit Judge