FILED
United States Court of Appeals
Tenth Circuit

November 27, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS JACKSON,

Defendant - Appellant.

No. 18-3167
(D.C. Nos. 2:14-CV-02142-CM and
2:05-CR-20018-CM-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

This matter is before the court on Carlos Jackson's pro se request for a

certificate of appealability ("COA").[1]  Jackson pleaded guilty to "conspiring to

manufacture and distribute 280 grams or more of cocaine base and using a firearm

in furtherance of a drug crime."  *United States v. Jackson*, 598 F. App'x 570, 571

(10th Cir. 2015).  Jackson did not file a direct appeal.  *Id.*  Instead, he filed a

28 U.S.C. § 2255 motion for post-conviction relief, alleging ineffective assistance

of trial counsel during plea negotiations and at sentencing.  *Id.* at 571-72.  The

---

[1]Jackson's request to proceed on appeal in forma pauperis is **granted**.

district court denied Jackson's § 2255 motion, concluding his first claim lacked merit and his second claim was barred by a waiver of collateral review set out in Jackson's plea agreement. *Id.* at 572. This court denied Jackson's request for a COA and dismissed his appeal. *Id.* at 573.

More than two-and-one-half years after the district court denied Jackson's § 2255 motion, and more than two years after this court denied Jackson's request for a COA, Jackson filed a motion in the district court seeking Fed. R. Civ. P. 60(b)(4) relief from the denial of his § 2255 motion.[2] In his Rule 60(b)(4) motion, Jackson asserted the district court's denial of his § 2255 motion was "void" because the district court had not addressed all of the claims of ineffective assistance set out in that motion. The district court began its analysis by noting Jackson's motion was a true Rule 60(b) motion, rather than a second or successive § 2255 motion, because it asserted the district court failed to resolve all grounds set out in the original § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (describing differences between these two types of motions); *see also United States v. Rogers*, 657 F. App'x 735, 738 (10th Cir.

---

[2]Jackson also filed a document titled "Motion of Plain Error Under Rule 52(b) of the Federal Rules of Criminal Procedure." The district court denied this motion, concluding Fed. R. Crim. P. 52(b) has no application in the trial courts. *See United States v. Frady*, 456 U.S. 152, 164 (1982) (holding that "recourse" to Rule 52(b) may only be had on appeal). Because Jackson does not brief in any manner the propriety of the district court's resolution of this motion, the matter is not properly before this court on Jackson's request for a COA.

2016) (holding that a "claim that the district court failed to consider a ground raised in" an original post-conviction motion amounts to a true Rule 60(b) claim). The district court then denied Jackson's motion, concluding (1) the motion was not brought within a reasonable time, (2) a failure to address all issues set out in a post-conviction motion did not render a judgment disposing of such a motion "void," and (3) Jackson was incorrect in asserting all issues set out in the original § 2255 motion were not resolved by the district court.

Jackson seeks a COA so he can appeal the district court's denial of his Rule 60(b) motion. *See Spitznas*, 464 F.3d at 1217-18 (holding that when a district court denies a "true" 60(b) motion, this court "will require the movant to obtain a [COA] before proceeding with his . . . appeal"). In so requesting, he asserts the district court erred in failing to recharacterize his Rule 60(b)(4) motion as a Rule 60(b)(6) motion and analyzing it accordingly. *But see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that although a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not "the proper function of the district court to assume the role of advocate for the pro se litigant").

To be entitled to a COA, Jackson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different

-3-

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). Furthermore, this court reviews "a district court's denial of a Rule 60(b) motion for an abuse of discretion." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018). "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Id.* at 1191-92.

Rule 60 specifically provides that all motions brought pursuant to its provisions must "be made within a reasonable time." Fed. R. Crim. P. 60(c). This rule applies no matter whether Jackson's motion is treated as arising under Rule 60(b)(4) or Rule 60(b)(6). As noted by the district court, Jackson's filings below contained no explanation for the lengthy delay between the district court's denial of Jackson's § 2255 motion and the filing of Jackson's Rule 60(b) motion. Nor does Jackson's appellate filing contain any such explanation. Accordingly, the district court's discretionary decision that Jackson's Rule 60(b) motion is untimely is not reasonably subject to debate and Jackson is not entitled to a COA. For that same reason, the district court's alleged "failure" to recharacterize Jackson's motion as arising under Rule 60(b)(6) is of no significance.

For those reasons set out above, this court **DENIES** Jackson's request for a

COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge