FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMOND L. ROGERS,

    Defendant - Appellant.

No. 22-3269
(D.C. Nos. 6:19-CV-01321-JWB &
6:10-CR-10186-JWB-1)
(D. Kan.)

———————————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
———————————————————————

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
———————————————————————

A federal jury convicted Raymond L. Rogers of bank robbery and related firearms offenses, and the district court imposed a 234-month prison sentence.  This court affirmed.  *See United States v. Rogers*, 520 F. App'x 727, 728 (10th Cir. 2013).  Rogers then brought a 28 U.S.C. § 2255 motion claiming ineffective assistance of counsel.  The district court denied relief and we denied a certificate of appealability (COA).  *See United States v. Rogers*, 599 F. App'x 850, 851 (10th Cir. 2015).

Rogers has since filed other motions in the district court seeking to overturn his conviction, including the motion that gives rise to this proceeding.  Specifically,

—————————————

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in October 2022, Rogers filed a motion arguing the district court did not have jurisdiction to try and convict him because, in his view, certain pretrial proceedings effectively erased the indictment. As authority for such a motion, Rogers invoked Federal Rule of Criminal Procedure 12(b)(2), which reads, "A motion that the court lacks jurisdiction may be made at any time while the case is pending."

The district court dismissed Rogers's motion for lack of jurisdiction, deeming it to be, in effect, an unauthorized successive § 2255 motion. Rogers now moves for a COA to appeal that dismissal. To merit a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Rogers argues that the district court should not have recharacterized his Rule 12(b)(2) motion as a § 2255 motion without giving him notice and an opportunity to withdraw it. But that is the procedure this court requires if the pleading in question would be deemed the movant's *first* § 2255 motion. *See United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). That procedure does not apply if the movant has already filed a § 2255 motion attacking the same judgment. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002). As noted, Rogers is now well beyond his first § 2255 motion. Accordingly, jurists of reason would not debate the

2

correctness of the district court's decision to dismiss for lack of jurisdiction.  We

therefore deny a COA and dismiss this matter.  We grant Rogers's motion to proceed

without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk