FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 7, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMOND L. ROGERS,

    Defendant - Appellant.

No. 23-3015
(D.C. No. 6:13-CV-01448-JTM
& 6:10-CR10186-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner Raymond Rogers, appearing pro se, seeks to appeal the district court's

denial of a certificate of appealability ("COA").  For the reasons stated below, we dismiss

this appeal.  We also deny Defendant's request to proceed *in forma pauperis*.

I.

In December 2011, a jury convicted Petitioner of bank robbery, possessing and

brandishing a firearm in the furtherance of a violent crime, and being a felon in

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

possession of a firearm.  We affirmed.  United States v. Rogers, 520 F. App'x 727 (10th Cir. 2013) (unpublished).  In 2013, Petitioner brought a 28 U.S.C. § 2255 motion claiming ineffective assistance of counsel.  The district court denied this motion.  In 2014, Petitioner timely sought a COA to appeal the district court's denial of his § 2255 motion, which we denied.  United States v. Rogers, 599 F. App'x 850 (10th Cir. 2015) (unpublished).  Petitioner has tried and failed multiple times to seek leave from this court to file a second or successive § 2255 motion.

Relevant here, on December 16, 2022, Petitioner moved for leave to amend his 2014 COA for his original § 2255 motion.  The district court denied the motion for leave to amend.  In a text entry order, the district court also denied a COA for the motion for leave to amend his 2014 COA.  Petitioner now seeks to appeal the district court's denial of his COA for the motion for leave to amend.

## II.

It is well-settled that we do not have jurisdiction to review the district court's denial of a COA.  Under Federal Rule of Appellate Procedure 22(b)(1), "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Here, Petitioner does not seek a COA from this Court, and instead, appeals the district court's denial of his COA.  Petitioner argues that the district court "committed an error of law when it denied [him] a COA" because the district court entered a text entry order and "failed to apply the correct COA determination standard."  As discussed above, we do not have jurisdiction to review the district court's denial of his COA and, therefore, dismiss it.

2

We also deny Petitioner's *in forma pauperis* request because he failed to show the existence of a reasoned, nonfrivolous argument on the facts in support of the issue he raised on appeal.  See <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991).

We DISMISS this appeal and DENY Petitioner's motion to proceed *in forma pauperis*.  We DENY Petitioner's motion to expedite as MOOT.

APPEAL DISMISSED.

Entered for the Court


Joel M.  Carson III
Circuit Judge