FILED
United States Court of Appeals
Tenth Circuit

August 6, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND L. ROGERS,

Defendant - Appellant.

No. 24-3075
(D.C. No. 6:13-CV-01448-JTM &
6:10-CR-10186-JWB-1
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Raymond Rogers seeks a certificate of appealability (COA) in order to challenge the district court's denial of his motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) and his motion to amend his Rule 59(e) motion. We deny a COA and dismiss this matter.

I

In December 2011, Mr. Rogers was convicted by a jury of bank robbery, in violation of 18 U.S.C. § 2113(a), brandishing a firearm during the robbery, in violation of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 924(c)(1)(A), and possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). He was sentenced to a total term of imprisonment of 234 months.

Mr. Rogers filed a direct appeal challenging his convictions and sentence. This court rejected his arguments and affirmed. *See United States v. Rogers*, No. 12-3125, 520 F. App'x 727 (10th Cir. Apr. 5, 2013).

In December 2013, Mr. Rogers filed a pro se motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 asserting numerous claims of ineffective assistance of trial and appellate counsel. He also filed a related pro se motion for summary judgment that addressed three claims of ineffective assistance of counsel that were asserted in the § 2255 motion. In December 2014, the district court denied both motions and declined to issue Mr. Rogers a COA. In doing so, the district court concluded that all of Mr. Rogers' claims of ineffective assistance of counsel lacked merit. Mr. Rogers sought and was denied a COA from this court. *See United States v. Rogers*, No. 15-3013, 599 F. App'x 850 (10th Cir. 2015).

Since the conclusion of his initial § 2255 proceedings, Mr. Rogers has tried and failed multiple times to seek leave from this court to file a second or successive § 2255 motion. He has also tried and failed multiple times to obtain a COA to appeal the district court's December 2014 judgment.

On April 15, 2024, Mr. Rogers filed a pro se motion to alter or amend the district court's December 2014 judgment pursuant to Federal Rule of Civil Procedure 59(e). He argued that the district court committed "clear legal error of controlling law" in denying

him a COA. R. vol. II at 113. He subsequently filed a pro se motion to amend a Rule 59(e) motion pursuant to Federal Rule of Civil Procedure 15(c)(1)(B).

On May 15, 2024, the district court issued a memorandum and order denying Mr. Rogers' pro se motions. In doing so, the district court noted that "Rule 59(e) permits parties to file a motion to alter or amend a judgment *within 28 days* of its filing." *Id.* at 145 (emphasis in original). The district court in turn noted that Mr. Rogers was "attempting to amend/alter a judgment from 2014—well beyond the 28-day time period." *Id.* The district court concluded that Mr. Rogers was improperly relying on Rule 59(e) and denied that motion. The district court in turn denied Mr. Rogers' motion to amend his Rule 59(e) motion. The district court noted that, to the extent Mr. Rogers was seeking to amend a Rule 59(e) motion from 2014, the record established that Mr. Roger "never filed a Rule 59(e) motion" in December 2014. *Id.* at 146. The district court also noted that, to the extent Mr. Rogers sought to amend his April 15, 2024 Rule 59(e) motion, there was no basis to do so because the Rule 59(e) motion was untimely.

Mr. Rogers filed a notice of appeal and has since filed an application for COA with this court.

## II

Because the district court resolved Mr. Rogers' motions on procedural grounds, he must, in order to obtain a COA, show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude he has failed to make this showing.

As the district court correctly noted, a motion to alter or amend the judgment pursuant to Rule 59(e) is timely only if filed "no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e). Here, Mr. Rogers' Rule 59(e) motion was filed more than nine years after the entry of the district court's judgment in his original § 2255 proceeding. Thus, jurists of reason could not dispute the district court's conclusion that Mr. Rogers' Rule 59(e) motion was untimely. And, for the same reason, jurists of reason could not dispute the district court's conclusion that there was no basis for allowing Mr. Rogers to amend his Rule 59(e) motion.[1]

III

For these reasons, we deny Mr. Rogers a COA, deny his motion to proceed in forma pauperis on appeal, and dismiss this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Mr. Rogers alleges in his application that he is also entitled to a COA in order to challenge the district court's denial of his original § 2255 motion. That question, however, was long ago decided against Mr. Rogers and is not properly at issue in this matter.

4